

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2010

**By ECF**

The Honorable I. Leo Glasser
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Ralph Casbarro
           Cr. No. 05-613 (ILG)

Dear Judge Glasser:

      The government respectfully submits this letter, pursuant to Section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines") to permit the Court, in its discretion, to depart from the advisory Guidelines range. This motion is made based upon the Defendant Ralph Casbarro's substantial assistance to law enforcement before and after his guilty plea in this case.

I.    Facts

      As set forth in the Presentence Investigation Report ("PSR"), the defendant was a stockbroker at Smith Barney, a major investment firm. While at Smith Barney, the defendant had access to an internal communications system known as a "Squawk Box" or a "hoot." The Squawk Box conveyed, among other things, information about which stocks Smith Barney clients wished to buy or sell. Stockbrokers like the defendant were supposed to use this order flow information to locate trading partners for the Smith Barney clients. Instead, the defendant allowed day-traders employed at a firm known as A.B. Watley ("Watley") to listen to the Squawk Box information, in real time, and misuse it to front-run Smith Barney's clients' orders. The defendant accomplished this by placing his telephone next to the Squawk Box for lengthy periods of time while day-traders listened.

      In exchange for providing access to the Squawk Box, the defendant was compensated by commissions he earned on trades placed by Watley. The defendant also received cash bribes from Watley CEO John Amore.

II.  Casbarro's Guilty Plea And Cooperation

Casbarro began cooperating shortly before his indictment, and pleaded guilty promptly after his indictment. Casbarro readily acknowledged his wrongdoing and met with the government whenever he was requested to do so.  The information he provided was truthful and well-corroborated in many instances. His cooperation was extremely valuable – particularly because he was one of only two stockbrokers who cooperated with the government.  The cooperation of the stockbrokers was significant to this prosecution because it provided the government with witnesses and information from inside the Brokerage Firms about how the scheme was executed.

In an effort to shorten the trial, and despite his providing truthful information to the government, Casbarro was not called as a witness.  He was, however, prepared to testify for the government, and provided helpful background information that led to the conviction of three stockbrokers, a Watley compliance officer, Watley's President, and another Watley supervisor in United States v. Mahaffy, et al., 05-cr-613 (S-5)(JG).

III. Conclusion

Accordingly, the government makes this motion to permit the Court, in its discretion, to depart downwardly from the advisory Guidelines range.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:   _____/s/_____
James McMahon
Jonathan E. Green
Assistant U.S. Attorneys
(718) 254-6297

cc:  Lawrence Iason, Esq.
     Attorney for Defendant Ralph Casbarro